Dear Ms. Lloyd:
You have requested an opinion of this office concerning the propriety of permitting a governing authority to institute zoning ordinances without the presence of existing zoning laws or a zoning board. Also, you inquired as to whether ordinances regulating the location of mobile homes may infringe upon the rights of both property owners and those individuals unable to afford other means of housing.
R.S. 33:4721 sets forth the general authority for regulating the use of buildings and land. It provides in pertinent part the following:
 For the purpose of promoting health, safety, morals, or the general welfare of the community, the governing authority of all municipalities may regulate or restrict . . . the location and use of the buildings, structures, and land for trade, industry, residence, or other purposes. (Emphasis added)
R.S. 33:4721 clearly grants the authority to regulate the location of mobile homes. An earlier opinion from this office interpreted the statute to permit a governing authority's prohibition against additional installation of mobile homes on a land site (Op. Atty. Gen. 85-732).
Your question concerning the ability of the governing authority to enact such an ordinance in the absence of a zoning board or existing zoning laws is addressed by La. R.S. 33:4726 which reads in pertinent part as follows:
33:4726 Zoning commission; recommendations; public hearing
 In order to avail itself of the powers conferred by R.S. 33:4721
through R.S. 33:4729 the legislative body of the municipality shall appoint a zoning commission whose function it shall be to recommend the boundaries of the various original districts as well as the restrictions and regulations to be enforced therein, and any supplements, changes or modifications thereof . . ."
The recommendations to the governing authority must come from the zoning board.
You inquired as to whether such a zoning ordinance infringes upon a low income individual's fundamental right to housing, thereby violative of the Equal Protection Clause contained in the 14th Amendment of the United States Constitution. However, the United States Supreme Court has made it abundantly clear that classifications based on wealth receive no heightened scrutiny. James v. Valtierra, 402 U.S. 137 (1971). In other words, the court applies a highly deferential "mere rationality" standard to such classifications, wherein the law will be upheld unless the classification is "purely arbitrary". Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61 (1911). Moreover, the Supreme Court expressly denounced the notion that a right to housing is constitutionally fundamental. Lindsey v. Normet, 405 U.S. 56 (1972).
Finally, the United States Supreme Court has likewise addressed the issue of whether a zoning regulation may constitute a compensable taking under the United States Constitution's Taking Clause, thus invoking a due process claim. In Moore v. East Cleveland, 431 U.S. 494 (1977), the court found that a zoning ordinance will not be stricken as violative of due process unless it is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."
It is the opinion of this office that the Village of Tickfaw is legally permitted to adopt zoning ordinances, but must appoint a zoning commission in accord with R.S. 33:4721 to make those recommendations. Also, there are no constitutional problems associated with the ordinance's treatment of low income individuals or property owners. The municipality need not demonstrate a specific justification for the law, but rather the challenge must show that the basis "could not reasonably be conceived to be true by the governmental decision maker." Minnesota v. Clover Leaf Creamery Co.,449 U.S. 456 (1981). A desire to protect the property values of surrounding homeowners, as well as maintaining some control over the appearance of the town are legitimate governmental interests sufficient to withstand scrutiny.
Trusting this to be of sufficient information. I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR/vls-0562l